## RACKLEY v. SCOTT & a.

The holder of a mechanic's lien on buildings that are burned while insured for and in the name of their owner, does not hold the insurance fund by right of subrogation.

BILL IN EQUITY, for subrogation of the plaintiff to the rights of the defendant Scott in certain insurance. Facts found by the court. In April, 1879, the Savings Bank for the County of Strafford, having a mortgage of Scott's land and buildings, procured a policy of insurance on the buildings from the London Assurance Company, to an amount greater than the mortgage debt, in the name of Scott, but payable to the bank, as its interest might appear. April 4, 1881, the buildings were burned. The plaintiff, having a mechanic's lien on the buildings, preserved it by an attachment made July 26, 1879, in an action of assumpsit, and obtained a judgment *in rem* at the September term, 1881. April 20, 1881, and afterwards, the insurance fund was attached by other creditors of Scott, in trustee suits that are still pending. All persons interested are joined as parties.

*T. J. Smith* (*J. G. Hall* with him), for the plaintiff. Accident is an old ground of equity jurisdiction. It will, however, be maintained only when suitable relief cannot be had at law, and when the plaintiff has a conscientious title to relief. 1 Story Eq. Jur., *s.* 97. The plaintiff has a conscientious title to relief, and no adequate remedy at law. The arrangement by which a sum of money is to be paid, instead of repairing the buildings, is an arrangement in which the plaintiff has been in no wise consulted. Had the buildings been repaired, his lien would have been unquestioned and its value ample. And whatever may be the respective rights of precedence between the plaintiff and the bank, it is practically immaterial, since the insurance fund is amply sufficient to satisfy both claims. And yet we claim that the doctrine of *Cheshire Prov. Ins.* v. *Stone*, 52 N. H. 365, will apply in its determination. This insurance fund equitably should be made to stand in the place of the property burned, and it cannot be equitable that subsequent attaching creditors should receive the avails of the property burned, when, if not burned, the plaintiff's claim must first have been satisfied. The right of subrogation is not dependent upon privity of contract.

*Woodman & Whittemore*, for Scott and the Savings Bank. The plaintiff, having no contract either with the bank or with Scott as to the insurance, claims that the insurance money shall be paid to him. If the bank had taken the policy in its own name, no benefit would have resulted therefrom either to Scott or to any other party. *King* v. *State M. F. Ins. Co.*, 7 Cush. 1; *Suffolk Ins. Co.* v. *Boyden*, 9 Allen 123; *White* v. *Brown*, 2 Cush. 412; May Insurance, *s.* 456; *Steele* v. *Franklin Ins. Co.*, 17 Penn. St. 290; *Turner* v. *Stetts*, 28 Ala. 420; *Cushing* v. *Thompson*, 34 Me. 496; *Concord M. F. Ins. Co.* v. *Woodbury*, 45 Me. 447. Chancery has no power to decree to mortgagees (and semble to lien holders) the proceeds of a policy of insurance effected by the mortgagor on the mortgaged property, where the same has been destroyed by fire, and no covenant exists in the deed as to insurance. *Vandegraaff* v. *Medlock*, 3 Port. (Ala.) 389; *Columbia Ins. Co.* v. *Lawrence*, 10 Pet. 507, 512. The contract of insurance does not run with the land, and the grantee of a conveyance made of the property insured acquires no interest in the policy or its proceeds. *Wilson* v. *Hill*, 3 Met. 66; *Carter* v. *Rockett*, 8 Paige Ch. 437. There is no privity between the plaintiff and the savings-bank, or between the plaintiff and the Assurance Co. Policies of insurance are not deemed in their nature incidents to the property insured, and do not cover any interest which a person other than the insured may have in the property as heir, grantee, mortgagee, or creditor, unless there be a valid assignment of the policy. *Wyman* v. *Prosser*, 36 Barb. 368.

*Carter & Nason*, for the London Assurance Co. The plaintiff is not entitled to subrogation. The balance of the fund, after pay-

ment of the savings-bank, should be held by the trusteeing creditors.    May Insurance, ss. 6, 454, 457.    It may be stated, as a general rule, that no one except the nominal assured, or his assignee, after loss, can claim, either from the insurers or from the party to whom the loss has been paid, any part of the proceeds of the policy unless by express agreement, or unless the policy covered property in which the claimant had an interest, and was intended and was effected, in part or in whole, for his benefit and at his expense. *Steele* v. *Franklin Ins. Co.*, 17 Penn. St. 290.    In order to give the right to intervene between the insurer and the insured, the party intervening must have some relation to or concern with the contract of insurance; but a creditor who acquires title to an estate under a levy of execution, the time of redemption having expired, has no relation to or concern with a contract of insurance, as between the former owner of the estate and the insurers, upon which to found a claim upon the latter for the amount of the loss or any part of it. *Plimpton* v. *F. M. Ins. Co.*, 43 Vt. 497.    Scott, by an agreement to assure for the plaintiff's protection, might have given him an equitable lien upon the fund, but in the absence of any such agreement, no lien in equity or at law exists.

*W. H. Dodge* and *Copeland & Edgerly*, for the trusteeing creditors.

DOE, C. J.    Upon principles established by the authorities, the bill cannot be maintained.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.